UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| | § | |
| EQUINE COLIC RELIEF COMPANY, | § | |
| INC. f/k/a EQUINE COLIC RELIEF | § | |
| COMPANY INTERNATIONAL, | § | |
| | § | |
| Plaintiff, | § | No. SA:13-CV-321-DAE |
| | § | |
| vs. | § | |
| | § | |
| REBA MARTINEZ, LARRY | § | |
| MARTINEZ, PAM SCHROEDER, | § | |
| EQUINE COLIC RELIEF AMERICA | § | |
| and PURE EARTH PRODUCTS, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON PENDING MOTIONS

On January 21, 2014, the Court heard argument on (1) Plaintiff's

Composite Motion for Leave to Respond and Leave to File an Amended

Complaint (Dkt. # 50); (2) Plaintiff's Response to Order to Obtain Counsel and

Motion for Extension of Time (Dkt. # 32); (3) Plaintiff's Motion to Join Absentee

Plaintiff and Motion to Disjoin from Misjoined Plaintiffs (Dkt. # 37); (4) Reba

Martinez's Motion to Compel Responses to Written Discovery Requests

(Dkt. # 44); (5) the Martinez Defendants' Motion to Join Counter-Plaintiffs and

Counter-Defendants and Motion for Leave to File a Second Amended Answer

1

(Dkt. # 46); and (6) the Schroeder Defendants' Motion for Sanctions (Dkt. # 47).

Mark Nacol, Esq., represented Plaintiff.  Ross Garsson, Esq., represented the

Schroeder Defendants, and Michael Paul, Esq., appeared on behalf of the Martinez

Defendants.  During the hearing, Plaintiff moved for leave to file a Third Amended

Complaint.

The Court hereby rules as follows:

- Dkt. # 50 – Plaintiff's Composite Motion

    o **GRANTS** Plaintiff's Request to Withdraw its Motion for Remand
      (Dkt. # 19)

    o **DENIES AS MOOT** Plaintiff's Request to Respond to the Martinez
      Defendants' Motion for Summary Judgment

    o **DENIES AS MOOT** Plaintiff's Request for Leave to File a Second
      Amended Complaint

    o **DENIES AS MOOT** Plaintiff's Request for an Extension of Time to
      Respond to Schroeder Defendants' Alternative Motion to Sever

    o **DENIES AS MOOT** Plaintiff's Motion for an Extension of Time to
      Respond to Schroeder Defendants' Motion for Partial Summary
      Judgment and Motion to Dismiss

    o **GRANTS** Plaintiff's Request for Leave to File a Corrected Request for
      Injunctive Relief

- o **REFERS TO MAGISTRATE JUDGE BEMPORAD** Plaintiff's Motion for Extension of Time to Respond to Reba Martinez's Discovery Requests

- o **DENIES** Plaintiff's Request to Extend the Time of the Rule 11 Safe-Harbor Provision

- **DENIES AS MOOT** Plaintiff's Response to Order to Obtain Counsel and Motion for Extension of Time (Dkt. # 32)

- **DENIES** Plaintiff's Motion to Join Absentee Plaintiff and Motion to Disjoin from Misjoined Plaintiffs (Dkt. # 37)

- **REFERS TO MAGISTRATE JUDGE BEMPORAD** Reba Martinez's Motion to Compel Responses to Written Discovery Requests (Dkt. # 44)

- Dkt. # 46 – Martinez Defendants' Composite Motion

  - o **DENIES WITHOUT PREJUDICE** the Martinez Defendants' Motion to Join Tara Flynn as Counter-Defendant

  - o **DENIES WITHOUT PREJUDICE** the Motion to Join Stops Colic as a Counter-Plaintiff

  - o **DENIES WITHOUT PREJUDICE** the Motion to File a Second Amended Answer

- **DENIES** the Schroeder Defendants' Motion for Sanctions (Dkt. # 47)

- **GRANTS** the Martinez Defendants' Motion (Dkt. # 56) withdrawing their Motion for Summary Judgment (Dkt. # 42)

- **GRANTS** the Schroeder Defendants' Motion (Dkt. # 58) withdrawing their Composite Motions (Dkt. # 35)

- Finds that the Schroeder Defendants' Motion to Sever (Dkt. # 23) is now **MOOT**

## <u>Background</u>

I.    <u>Factual Background</u>

Plaintiff Equine Colic Relief Company, Inc. ("Plaintiff") is a corporation whose agent is Tara Flynn ("Flynn").  (Dkt. # 50 at 7.)  Initially, Plaintiff claimed that it manufactured a formula used in ameliorating symptoms of colic in horses called Equine Colic Relief ("the Product").  (<u>See e.g.</u>, Dkt. # 13.) Plaintiff claimed it entered into two contracts with the Defendants Reba and Larry Martinez (the "Martinez Defendants") on January 19, 2012.  (<u>Id.</u>)  Through these contracts, the Martinez Defendants became Wholesale Representatives and Distributor Business Owners of Plaintiff to market the Product.  (<u>Id.</u>)  Plaintiff alleges that the Martinez Defendants subsequently used Plaintiff's trade secrets, formulations, and confidential and proprietary information to compete with and injure Plaintiff. (<u>Id.</u>)

Plaintiff alleges it also entered into contracts with Pam Schroeder and Equine Colic Relief America and Pure Earth Products, LLC (the "Schroeder Defendants") appointing them Wholesale Representatives of Plaintiff.  (Id.) Plaintiff contends that the Schroeder Defendants misused Plaintiff's trade secrets, formulations, and confidential and proprietary information to compete with and injure Plaintiff.  (Id.)

II.   Procedural Posture

Plaintiff filed its Original Petition and Verified Application for a Temporary Restraining Order and for Temporary and Permanent Injunctive Relief in Texas state court on April 5, 2013.  (Dkt. # 1 Ex. 4.)  The state court granted Plaintiff a temporary restraining order.  (Id., Ex. 5.)

The Schroeder Defendants removed the case to this Court on April 18, 2013.  (Dkt. # 1.)  Subsequently, both the Schroeder and Martinez Defendants answered and asserted counterclaims.  (Dkt. # 4; Dkt. # 6.)  The Schroeder Defendants additionally asserted a third-party claim against Flynn.  (Dkt. # 6.)

On May 21, 2013, Plaintiff filed her Amended Complaint, sought a temporary restraining order, and moved for a permanent injunction.  (Dkt. # 13.) Because of Plaintiff's failure to comply with procedural requirements, the Court denied without prejudice Plaintiff's motion for a temporary restraining order and permanent injunction.  (Dkt. # 14.)

On May 28, 2013, Plaintiff answered the Schroeder Defendants' counterclaims and answered on behalf of Flynn.  (Dkt. # 15.)

On June 4, 2013, the Martinez Defendants filed their First Amended Answer.  (Dkt. # 17.)

On July 10, 2013, Plaintiff moved to remand the case to state court. (Dkt. # 19.)  The Schroeder Defendants responded opposing remand, and in the alternative, moved to sever.  (Dkt. # 23.)

On September 6, 2013, Plaintiff's counsel filed a motion to withdraw. The Court granted the motion on September 9, 2013, and additionally issued an order requiring Plaintiff to obtain counsel within fifteen days (the "September 9, 2013 Order").  Plaintiff did not comply with this order, and on September 26, 2013, Plaintiff filed a response seeking an additional fifteen days.  (Dkt. # 32.)

On November 8, 2013, the Schroeder Defendants moved (1) to dismiss Plaintiff's claims with prejudice, (2) for partial summary judgment on their counterclaims, (3) to strike Plaintiff's defenses, (4) for damages/sanctions, and (5) for realignment of the parties.  (Dkt. # 35.)  This motion has been withdrawn.

On November 11, 2013, Flynn, on behalf of Plaintiff, filed a "Motion to Join Absentee Plaintiff and Motion to Disjoin from Misjoined Plaintiffs." (Dkt. # 37.)  Flynn is not an attorney, and her actions on behalf of Plaintiff were in direct opposition to the Court's September 9, 2013 Order.  In this filing, Flynn

6

made various assertions contradicting statements she verified in the Original

Petition and Amended Complaint.  Both the Schroeder and Martinez Defendants

responded to and opposed Flynn's motion.  (Dkt. # 39; Dkt. # 41.)

On November 26, 2011, the Martinez Defendants filed a Motion for

Summary Judgment.  (Dkt. # 42.)  However, this motion was withdrawn on

January 15, 2014.  (Dkt. # 56.)

On December 12, 2013, Reba Martinez filed a Motion to Compel

Responses to Written Discovery Requests.  (Dkt. # 44.)  This motion is currently

before the Court.

On December 12, 2013, Mark A. Nacol entered an appearance on

behalf of Plaintiff.

On December 13, 2013, the Martinez Defendants filed a Motion to

Join Tara Flynn as Counter-Defendant and Stops Colic LLC as Counter-Plaintiff

and for Leave to File a Second Amended Answer.  (Dkt. # 46.)  These motions are

currently pending before the Court.

On December 24, 2013, the Schroeder Defendants moved for

sanctions against Plaintiff arguing that Plaintiff filed false pleadings.  (Dkt. # 47.)

This motion is currently pending before the Court.

On December 27, 2013, Plaintiff filed a composite motion seeking

(1) leave to file an amended complaint; (2) leave to file a corrected request for

7

preliminary and permanent injunctive relief; (3) an extension of time to file replies to pending motions and discovery requests; (4) a continuance of the hearing date from January 6, 2014; and (5) to withdraw the pending Motion for Remand (Dkt. # 19).  (Dkt. # 50).  Both the Martinez and Schroeder Defendants responded to these motions.  These motions, with the exception of the motion to continue the hearing date, are currently pending before the court.  At the hearing, Plaintiff also sought leave to file a Third Amended Complaint.  Defendants did not oppose the motion.

Each of the pending motions is discussed, in turn, below.

## DOCKET # 50 PLAINTIFF'S DECEMBER 27 COMPOSITE MOTION

I.    Martinez Defendants' Unopposed Motion for Summary Judgment

The Martinez Defendants have moved to withdraw their Motion for Summary Judgment as premature in light of the Plaintiff's proposed Amended Complaint.  The Court **GRANTS** the Martinez Defendants' Motion to Withdraw their Motion for Summary Judgment (Dkt. # 42).  Therefore, Plaintiff's Motion for an Extension of Time to Respond to it is **DENIED AS MOOT.**

II.   Plaintiff's Motion for Leave to File the Second Amended Complaint and
      Oral Motion to File a Third Amended Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, "if the pleading is one to which a responsive pleading is required, [a party may amend

within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

In considering whether to grant or deny leave to amend, the court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party, and futility of amendment."  In re Southmark Corp., 88 F.3d 311, 314–15 (5th Cir. 1996); see also Jones v. Robinson Prop. Grp. L.P., 427 F.3d 987, 994 (5th Cir. 2005).

Plaintiff's request to file a Third Amended Complaint mooted Plaintiff's Motion to File a Second Amended Complaint.  Defendants did not oppose Plaintiff's request to file a Third Amended Complaint.  The Court **GRANTED** Plaintiff's oral motion seeking leave to file a Third Amended Complaint, and Plaintiff filed the Third Amended Complaint on February 4, 2014. (Dkt. # 61.)

III.   Plaintiff's Request for an Extension of Time to Respond to Schroeder Defendants' Alternative Motion to Sever

The Schroeder Defendants state that this Motion is moot because the Schroeder Defendants Alternative Motion to Sever only was relevant if the Court granted Plaintiff's Motion to Remand.  (See Dkt. # 53 at 3.)  Because the Plaintiffs

have withdrawn the Motion to Remand, the Schroeder Defendants withdraw their Alternative Motion to Sever, and therefore, Plaintiff's Motion for an extension of time to respond is also **DENIED AS MOOT**.  (See id.)

IV.   Plaintiff's Motion for an Extension of Time to Respond to Schroeder Defendants' Composite Motions

The Schroeder Defendants have withdrawn their composite motion, therefore this request is **DENIED AS MOOT**.

V.   Plaintiff's Request for Leave to File a Corrected Request for Preliminary and Permanent Injunctive Relief

Plaintiff filed a request for injunctive relief (both temporary and permanent) on May 21, 2013.  (Dkt. # 13.)  The Court denied that motion on May 22, 2013, because Plaintiff failed to comply with the procedural requirements set forth in the Local Rules.  (See Dkt. # 14.)  Plaintiff now requests leave to file another application for Preliminary and Permanent Injunctive Relief.  (Dkt. # 50.) The initial order denied Plaintiff's Motion for Temporary and Permanent Injunctive Relief without prejudice.  (Id.)  Therefore, the Court **GRANTS** Plaintiff's request for leave to refile.

VI.   Plaintiff's Motion for Extension of Time to Respond to Martinez Defendants' Discovery Requests

This motion will be addressed as part of the discussion of Reba Martinez's Motion to Compel Responses to Written Discovery Requests (Dkt. # 44).

VII.   <u>Plaintiff's Motion for Extension of Time Respond to Pending Motions</u>

Plaintiff seeks leave to respond to the Motion to Sever (Dkt. # 23), to the Motion for Summary Judgment (Dkt. # 35), and to the Motion to Dismiss (Dkt. # 35).  Additionally, Plaintiff seeks to Extend the Amount of Time of the Safe-Harbor Provision to allow Plaintiff to Respond to the Schroeder Defendants' Motion for Sanctions (Dkt. # 47).

A number of these motions are already moot: the Motion to Sever has been withdrawn, and the Court has already granted leave to Plaintiff to respond to the Motion for Summary Judgment and to the Motion to Dismiss. The Motion to Extend the Time of the Safe-Harbor Provision is addressed below in conjunction with the Schroeder Defendants' Motion for Sanctions (Dkt. # 47).

## <u>DOCKET # 32 RESPONSE TO ORDER TO OBTAIN COUNSEL</u>

On September 26, 2013, Flynn filed a "Response to Order to Obtain Counsel" stating that she was not in compliance with the Court's September 9, 2013 Order requiring her to obtain counsel within fifteen days.  (Dkt. # 32.)  Flynn alleged that she had attempted to find representation, but could not find an attorney to take her case.  She then argued that her previous counsel should not have named Equine Colic Relief Company, Inc. as the Plaintiff because it is "without standing to seek relief from Defendants[.]"  (<u>See</u> Dkt. # 32 at 2.)  Flynn continued, stating, Equine Colic Relief Company, Inc. "has active status on paper, but it is an entity,

inactive, has no income, no meetings, it does not earn nor spend[,] has never

interacted in a [sic] Defendants, agreement nor had contact with Defendants.  Nor

has it conducted business with Defendants in any manner nor form."  (See id.)

Additionally, in this Response, Plaintiff informally sought an

additional fifteen days to retain counsel.[1]  Plaintiff did eventually obtain counsel,

but not until December 11, 2013, far outside the time-limit prescribed by the Court.

Nonetheless, this request is now **DENIED AS MOOT**.

## DOCKET # 37 PLAINTIFF'S MOTION TO JOIN ABSENTEE PLAINTIFF AND MOTION TO DISJOIN FROM MISJOINED PLAINTIFFS

Flynn filed this motion, on behalf of Plaintiff, on November 19, 2013,

seeking to join herself as a plaintiff and remove Equine Colic Relief Company, Inc.

and Equine Colic Relief Company International from the suit.

However, at the time of filing of this motion, Plaintiff Equine Colic

Relief Company, Inc. had been without counsel in contravention of this Court's

order.  The Plaintiff, as a corporation, may not be represented in court by a non-

attorney.  This motion is **DENIED**.

## DOCKET # 44 REBA MARTINEZ'S MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY REQUESTS

Reba Martinez moves separately to compel Plaintiff to respond to her

pending written discovery requests served on September 11, 2013.  (Dkt. # 44).

---

[1] The Court did not address this motion.

Reba Martinez asserts that Plaintiff's response was due on October 14, 2013, but Plaintiff has still failed to respond.  Reba Martinez seeks an award of expenses incurred in bringing this motion as provided for by Rule 37 of the Federal Rules of Civil Procedure.

Reba Martinez served her First Set of Interrogatories and her First Set of Requests for Production on Plaintiff on September 11, 2013. (See Dkt. # 44 at 1.)  She has yet to receive any response to either request.  (Id.) Reba Martinez asserts that she has filed this motion after numerous unsuccessful attempts to obtain the discovery responses from Plaintiff on her own. (See id. at 2.)

Rule 37(5) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(5). However, Rule 37(5) also provides that the Court should not order this payment if the opposing party's actions were substantially justified or if other circumstances would make expenses unjust.  Id.

The Court hereby **REFERS** this motion to Magistrate Judge Bemporad.

## DOCKET # 46 MOTION BY MARTINEZ DEFENDANTS TO (1) JOIN TARA FLYNN AS COUNTER-DEFENDANT; (2) MOTION TO JOIN

**STOPS COLIC LLC AS COUNTER-PLAINTIFF; AND (3) MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

In June 2013, the Martinez Defendants filed their First Amended Answer, Affirmative Defenses and Counterclaims against Equine Colic Relief Company, Inc.  (Dkt. # 17.)

I.    Martinez Defendants' Motion to Join Tara Flynn as a Counter-Defendant

The Martinez Defendants seek to add Tara Flynn as counter-defendant and argue this is proper because (1) she is already a counter-defendant in the counterclaims asserted by the Schroeder Defendants (see Dkt. # 22); (2) Plaintiff has already moved – albeit unsuccessfully because Flynn, as a non-attorney, is not permitted to represent a corporation– to join Flynn as a Plaintiff; and (3) because the Martinez Defendants' counterclaims against Flynn arise out of the same transaction and occurrence giving rise to the Martinez Defendants' counterclaims against Plaintiff.  (See Dkt. # 46 at 3.)

Rule 20 of the Federal Rules of Civil Procedure provides that a person may be joined as a defendant if "any question of law or fact common to all defendants will arise in the action."  Further, Rule 20 is to be liberally construed. Walker v. City of Houston, 341 F. Supp. 1124, 1132 (S.D. Tex. 1971).

However, in light of this Court's grant of Plaintiff's request to file a Third Amended Complaint, this motion is **DENIED WITHOUT PREJUDICE AS MOOT.**

II.     <u>Martinez Defendants' Motion to Join Stops Colic, LLC as Counter-Plaintiff</u>

Under Rule 20 of the Federal Rules of Civil Procedure, one may join in an action as a plaintiff if, "any question of law or fact common to all plaintiffs will arise in the action."  Here, the Martinez Defendants assert that Stops Colic, LLC is a Texas company owned by the Martinez Defendants.  They contend that this company produces a product that competes with Plaintiff's, and therefore should be properly added as a counter-plaintiff.  Additionally, they argue that Stops Colic, LLC's claims against Plaintiff and Flynn arise out of the same transaction and occurrence giving rise to the Martinez Defendants' claims. (Dkt. # 46 at 2–3.)

Because of the filing of the Third Amended Complaint, this motion is **DENIED WITHOUT PREJUDICE AS MOOT.**

III.    <u>Martinez Defendants' Motion to Amend Answer</u>

The Martinez Defendants seek to amend their answer to assert allegations based on events occurring after the filing of their answer, principally the use of statements about the Martinez Defendants on a website under the control of Flynn.  (<u>See</u> Dkt. # 46 at 3.)

15

Under Rule 15(a) of the Federal Rules of Civil Procedure, "if the pleading is one to which a responsive pleading is required, [a party may amend within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff's filing of the Third Amended Complaint renders this motion **MOOT**. Therefore, the Court **DENIES** this motion **WITHOUT PREJUDICE.**

## DOCKET # 47 SCHROEDER DEFENDANTS' MOTION FOR SANCTIONS

The Schroeder Defendants have moved for sanctions against Plaintiff and its agent pursuant to Rule 11 of the Federal Rules of Civil Procedure. (See Dkt. # 47.) The Schroeder Defendants contend that Plaintiff and its agent, Flynn, knowingly filed false claims and false verifications in support of those claims, against them. (Id.)

Federal courts do not have authority to sanction parties under Rule 11 of the Federal Rules of Civil Procedure for actions taken while a case was pending in state court even if the case was later removed to federal court. Tompkins v. Cyr, 202 F.3d 770, 787 (5th Cir. 2000). However, a federal court may consider whether

16

sanctions would be applicable under Texas Rule of Civil Procedure 13 for filings

made in the Texas state court.  Id.   Texas Rule of Civil Procedure 13 provides

> The signatures of attorneys or parties constitute a certificate by them
> that they have read the pleading, motion or other paper; that to the
> best of their knowledge, information, and belief formed after
> reasonable inquiry the instrument is not groundless and brought in bad
> faith or groundless and brought for the purpose of harassment. . . . If a
> pleading, motion or other paper is signed in violation of this rule, the
> court, upon motion or upon its own initiative, after notice and hearing,
> shall impose an appropriate sanction available under Rule 215, upon
> the person who signed it, a represented party, or both.
>
> Courts shall presume that pleadings, motions, and other papers are
> filed in good faith.  No sanctions under this rule may be imposed
> except for good cause, the particulars of which must be stated in the
> sanction order.  "Groundless" for purposes of this rule means no basis
> in law or fact and not warranted by good faith argument for the
> extension, modification, or reversal of existing law. . . ."

Tex. R. Civ. P. 13.  "To determine if a pleading was groundless, the trial court uses

and objective standard:  did the party and counsel make reasonable inquiry into the

legal and factual basis of the claim?"  Harrison v. Harrison, 363 S.W.3d 859, 863

(Tex. App. 2012) (quoting In re United Servs. Auto. Ass'n,  76 S.W.3d 112, 116

(Tex. App.  2002) (internal quotation marks omitted)).

Texas courts presume that filings are undertaken in good faith, and the

moving party bears the burden of demonstrating otherwise.  Dike v. Peltier

Chevrolet, Inc., 343 S.W.3d 179, 191 (Tex. App. 2011).  Mere negligence by a

party or attorney is not enough to demonstrate bad faith.  Shaw v. County of

Dallas, 251 S.W.3d 165, 171 (Tex. App. 2008).  "[B]ad faith is not simply bad

judgment or negligence, but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes.  <u>Harrison v. Harrison</u>, 363 S.W.3d 859, 863 (Tex. App. 2012); <u>accord</u>  <u>Dike</u>, 343 S.W.3d at 191 ("Bad faith does not exist when a party exercises bad judgment or negligence.").

Here, Plaintiff's Original Petition, filed in state court, listed claims against the Schroeder Defendants and was verified by Flynn.  Based on this petition, Plaintiff obtained a temporary restraining order.

The Schroeder Defendants maintain that Plaintiff undertook the above actions knowing the underlying claims against the Defendants were false and meritless.  The Schroeder Defendants argue that the Response Flynn filed in federal court, on behalf of Plaintiff, ("Flynn's Response" or "the Response"), (Dkt. # 32), demonstrates that she knew the allegations in the Original Petition were false.

In Flynn's Response, she rhetorically questions why Equine Colic Relief Company, Inc., was named as a Plaintiff in the suit because "it is an entity, inactive, has no income, no meetings, it does not earn or spend has never interacted in a [sic] Defendants, agreement nor had contact with Defendants.  Nor has it conducted business with Defendants in any manner nor form."  (<u>Id.</u> at 2.)  This statement is in direct contrast to the allegations in the Original Petition and Amended Complaint, verified by Flynn, that the Plaintiff is an active company that

entered into a contract with the Schroeder defendants and that "Plaintiff is being irreparably damaged by the Defendants' actions." (Dkt. # 1–3; Dkt. # 13.)

The Schroeder Defendants argue that because Flynn's Response admits that she knew the Plaintiff had no claims against the Schroeder Defendants, her filing of the pleadings, attempts to obtain injunctive relief, and motion for remand are sanctionable. Additionally, the Schroeder Defendants contend that they have suffered monetary harm in defending against these false allegations. (See Dkt. # 47.)

In response, Plaintiff asserts that the Flynn Response was filed by Flynn without an attorney. (Dkt. # 52.) Plaintiff asserts that the Response is only evidence of Flynn's lack of comprehension of federal law and her attempt to comply with the Court's September 9, 2013 Order.[2] However, Plaintiff has presented no evidence to contradict the statements made in the Response or counter the allegation that the Original Petition contained false statements.

Nonetheless, the Schroeder Defendants have not met their burden under Rule 13 of the Texas Rules of Civil Procedure of demonstrating that Plaintiff's filings were made in bad faith; rather, the Court finds that the naming of the wrong Plaintiff was, at most, negligence.

---

[2] It should be noted that by filing the Response without an attorney, Flynn was acting in direct contravention of the Court's September 9, 2013 Order requiring Plaintiff, as a corporation, to obtain counsel.

Although Flynn and her previous attorney did list the wrong Plaintiff on the Complaint, the claims asserted were not clearly frivolous; they were simply asserted on behalf of the wrong party.  Given the closely intertwined nature of Flynn and both Equine Colic Relief companies, the Complaint still gave notice to Defendants of nature of the claims against which they would have to defend.  Therefore, the Court finds that Plaintiffs have not met their burden of demonstrating Plaintiff's filings were done in bad faith or were groundless in violation of Texas Rule of Civil Procedure 13.

The Schroeder Defendants also argue they are entitled to sanctions for Plaintiff's and Flynn's filing of the Amended Complaint (Dkt. # 13) in federal court and their subsequent use of the Amended Complaint to support their Motion for Remand (Dkt. # 19).  Because these documents were filed in federal court, Rule 11 of the Federal Rules of Civil Procedure governs the availability of sanctions. See Tompkins, 202 F.3d at 787.

The purpose of Rule 11 "is to deter baseless filings in district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).  "Rule 11 imposes on trial courts an objective standard of reasonableness under the circumstances. Jennings v. Joshua Indep. Sch. Dist., 948 F.2d 194, 196 (5th Cir. 1991).  The Fifth Circuit instructs that "[t]he reasonableness of the conduct involved is to be viewed

at the time counsel or the party signed the document alleged to be the basis for the Rule 11 violation." Id.

Ultimately, the decision of whether to impose sanctions is within the Court's discretion.  61A Am. Jur. 2d Pleading § 585; Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 11 ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation.").  Sanctions are appropriate where Plaintiff has "no basis in fact" for naming defendants in the initial complaint.  Sussman v. Salem, Saxon and Nielsen, P.A., 150 F.R.D. 209, 212 (M.D. Fla. 1993).  In Jennings v. Joshua Indep. Sch. Dist., the Fifth Circuit held that an appropriate Rule 11 sanctions for the filing of a frivolous complaint was the attorney's fees and costs incurred prior to dispositive motions being filed. Id. Jennings, 948 F.2d at 197 (finding that Plaintiff and Plaintiff's counsel failed to conduct a reasonable inquiry into the facts prior to filing the lawsuit).

Rule 11 also creates a safe-harbor provision that requires a moving party to serve a motion for sanctions on the other party twenty one days before to filing it with the Court.  Fed. R. Civ. P. 11(c)(2).  This delay provides a party the opportunity cure the sanctionable conduct.  Id.

Plaintiff has sought an extension of the expired safe-harbor period that expired on or around December 18, 2013.  Plaintiff asks this Court to reopen the safe-harbor provision to provide more time to cure the allegedly sanctionable

conduct.  However, Plaintiff has provided no law indicating a Court may extend the safe-harbor provision, and this Court has searched, but not found any cases in which a court has extended the safe-harbor period.  Therefore, the Court declines to extend the safe-harbor provision here.

The Court finds that Plaintiff's filings in federal court with the wrong named-party amounts to negligence, but not bad faith.  The allegations against the defendants are not clearly frivolous.  The Court finds that Rule 11 sanctions are not appropriate at this time.  The Court **DENIES** the Schroeder Defendants' Motion for Sanctions.

<u>CONCLUSION</u>

For the reasons stated above, the Court (1) **GRANTS IN PART AND DENIES IN PART** Plaintiff's Composite Motion (Dkt. # 50); (2) **DENIES AS MOOT** Plaintiff's Response to Order to Obtain Counsel and Motion for Extension of Time (Dkt. # 32); (3) **DENIES** Plaintiff's Motion to Join Absentee Plaintiff and Motion to Disjoin from Misjoined Plaintiffs (Dkt. # 37); (4) **REFERS** Reba Martinez's Motion to Compel Responses to Written Discovery Requests  to Magistrate Judge Bemporad (Dkt. # 44); (5) **DENIES WITHOUT PREJUDICE AS MOOT** the Martinez Defendants' Motion to Join Counter-Plaintiff and Counter-Defendant and to File a Second Amended Answer (Dkt. # 46); and (6) **DENIES** the Schroeder Defendants' Motion for Sanctions (Dkt. # 47).

Additionally, the Court **GRANTS** the Martinez Defendants' Motion (Dkt. # 56) withdrawing their Motion for Summary Judgment (Dkt. # 42).  The Court **GRANTS** Plaintiff's request to withdraw its Motion for Remand (Dkt. # 19).  The Court **GRANTS** the Schroeder Defendants' Motion (Dkt. # 58) withdrawing their Composite Motions (Dkt. # 35).  The Court also finds that the Schroeder Defendants' Motion to Sever, (Dkt. # 23) is now **MOOT**.

Additionally, in light of Plaintiff's counsel's recent appearance in this case, and the complexity of the prior proceedings, the Court **ORDERS** that all scheduling order deadlines shall be extended by **120 days**.

IT IS SO ORDERED.

DATED:  San Antonio, Texas, March 4, 2014.

_____

David Alan Ezra
Senior United States Distict Judge

23