UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARA FLYNN and MATTHEW FLYNN,<br><br>Plaintiffs,<br><br>v.<br><br>REBA MARTINEZ, LARRY MARTINEZ, LARISSA MARTINEZ, PAM SCHROEDER, EQUINE COLIC RELIEF AMERICA and PURE EARTH PRODUCTS, LLC,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 5:13–CV–321–DAE<br><br><br><br>JURY DEMANDED |

**AGREED PERMANENT INJUNCTION**

Introduction

In order to terminate and prevent further involvement in protracted and costly litigation, and to avoid the time, expense. and uncertainty accompanying same, the Parties have agreed to settle all claims arising out of this lawsuit, and in connection therewith, the Parties have agreed to and entered into a Binding Settlement Agreement (doc. 95) that includes seeking the entry of an Agreed Permanent Injunction.

The Parties are aware that every order granting an injunction must set forth the reasons for its issuance. The Parties agree that the full settlement of this matter is a sufficient reason for the issuance of the Agreed Permanent Injunction. The Parties waive the requirement, if any, for the Court to set forth any other reason for the issuance of the Permanent Injunction and waive appellate review of the grounds for issuance of this Permanent Injunction. By stipulation, the Parties also waive issuance and service of this Agreed Permanent Injunction.

## Definitions

1. "Plaintiffs" means Tara Flynn, Matthew Flynn, and any Related Entities (as defined below). Each is "Plaintiff" and a "Party."

2. "Defendants" means Reba Martinez, Larry Martinez, Pam Schroeder, Equine Colic Relief America and Pure Earth Products, LLC. Each is a "Defendant" and a "Party."

3. "The Parties" means Plaintiffs and Defendants collectively.

4. "Martinez Defendants" means Reba Martinez, Larry Martinez, and any Related Entities. Each is a "Martinez Defendant."

5. A "Related Entity" of a Party means that Party's employees, officers, directors, agents, associates, parties, subsidiaries, parents, successors, heirs, assigns, and any entity in which such Party owns at least a 5% voting interest.

## Permanent Injunction

Pursuant the Binding Settlement Agreement, IT IS ORDERED THAT:

1. Each of the Defendants and their Related Entities is permanently enjoined from manufacturing, bottling, selling, distributing, or advertising for sale any product made by removing Plaintiffs' product from a bottle and putting Plaintiffs' product into a Defendant's bottle.

2. Each of the Defendants and their Related Entities is permanently enjoined from referring to "ECR," "Equine Colic Relief," "Equine Colic Relief International," and "Equine Colic Relief Co." in any advertisement, graphic, trademark, trade dress, logo, label, photo, or testimonial, provided, however, that nothing in this Paragraph 2 restrains Defendants and their Related Entities from using "equine colic" separate from "relief" to describe the clinical sign evidencing a gastrointestinal condition that causes pain in a horse.

3. Each of the Plaintiffs and their Related Entities is permanently enjoined from using any reference to "Stops Colic LLC," "SayWhoa!," "Pure Earth Products," and "Equine GutFlush" in any advertisement or in any graphics, trademark, trade dress, labels, photos, or testimonials.

4. Each of the Parties and their Related Entities is permanently enjoined from using any testimonial given to that Party based upon use of another Party's product or formula. Nothwithstanding the immediately-preceding sentence, each of the Parties and their Related Entities may, however, use any testimonial that is based upon usage of that Party's (and its Related Entities') own product or formula.

5. Each of the Martinez Defendants and their Related Entities is permanently enjoined from publicly displaying the video titled "SayWhoa! Saves Gouch" on any of its websites and on YouTube.

6. Each of the Parties and their Related Entities is permanently enjoined from disparaging, demeaning, or denigrating any other Party and its Related Entities or any other Party's and its Related Entities' products in any manner, including by publishing any reference to another Party and its Related Entities, another Party's and its Related Entities' products, or this proceeding, either online or elsewhere.

7. Notwithstanding Paragraph 6, a Party and its Related Entities may respond to any disparaging, demeaning, or denigrating statement or published reference prohibited by Paragraph 6 to correct any misrepresentations or omissions that were part of the statement or reference.

8. If the Court grants a motion for contempt or enforcement of this Agreed Permanent Injunction, the Parties who moved for contempt or enforcement are entitled to their reasonable and necessary attorney's fees and costs for bringing the motion, in addition to any other remedies that are available, either at law or in equity.

9. The Court further ORDERS that it retains jurisdiction to determine violations of this Order, the Parties' Binding Settlement Agreement and to award sanctions, contempt, or further injunctive relief.

10. This Agreed Permanent Injunction is binding upon the Parties to the above-styled action, their Related Entities, and all those acting in active concert or participation with the Parties who receive actual notice of the Agreed Permanent Injunction by personal service or otherwise.

11. The Parties waive issuance and service of this Agreed Permanent Injunction by stipulation. IT IS THEREFORE ORDERED that the Parties shall be deemed to be duly served with this Agreed Permanent Injunction.

ORDERED this 7 day of July, 2014.

HON. DAVID A. EZRA
UNITED STATES SENIOR JUDGE