UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARA FLYNN and MATTHEW FLYNN, | § § § | Cv. No. 5:13-CV-321-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| REBA MARTINEZ, LARRY MARTINEZ, LARISSA MARTINEZ, PAM SCHROEDER, EQUINE COLIC RELIEF AMERICA, and PURE EARTH PRODUCTS, LLC, | § § § § § § | |
| Defendants. | § § | |

ORDER TO SHOW CAUSE WHY PLAINTIFF TARA FLYNN SHOULD NOT
BE HELD IN CONTEMPT

On February 18, 2015, Defendant Reba Martinez ("Defendant") filed a Motion for Order to Show Cause requiring Plaintiff Tara Flynn ("Plaintiff") to appear and show cause why she should not be held in contempt for violating the Agreed Permanent Injunction entered in this case on July 7, 2014. (Dkt. # 99.) Defendant asks, in the alternative, that the Court reopen discovery in order to gather evidence of Plaintiff's violations of the Agreed Permanent Injunction. For the reasons that follow, Plaintiff is **ORDERED TO SHOW CAUSE** why she should not be held in civil contempt and is **ORDERED TO APPEAR** before this

1

Court on **April 29, 2015 at 10:00 AM** in Courtroom 5, on the Third Floor of the John H. Wood, Jr. United States Courthouse, 655 East Cesar E. Chavez Boulevard, San Antonio, Texas.

## BACKGROUND

The parties currently before the Court are manufacturers of competing treatments for horse colic. Plaintiff sells a horse colic treatment called Equine Colic Relief. (Dkt. # 99 at 1.) Defendant, through her company, Stops Colic, LLC, sells a horse colic treatment called SayWhoa! (Id.) Plaintiff originally filed suit in the Judicial District Court of Guadalupe County, Texas on April 5, 2013 (Dkt. # 1, Ex. 4), and the case was removed to this Court based on its federal question jurisdiction on April 18, 2013 (Dkt. # 1). Plaintiff's Amended Complaint alleged causes of action for trademark infringement, misappropriation of trade secrets, tortious interference with prospective business relations, and civil conspiracy against Defendant and several other parties involved in the manufacture of equine colic products. (Dkt. # 61.)

On June 18, 2014, all parties reached a settlement agreement that was approved by the Court on June 19, 2014. (Dkt. # 95.) As part of the settlement agreement, the Court entered an Agreed Permanent Injunction ("Injunction") and retained jurisdiction to enforce its terms. (Dkt. # 98.) Under the Injunction, each

of the parties is prohibited from "disparaging, demeaning, or denigrating any other Party and its Related Entities or any other Party's and its Related Entities' products in any manner." (Id. ¶ 6.)  The Injunction further provides that a party that prevails on a motion for contempt or enforcement of the Injunction is entitled to its reasonable and necessary attorney's fees and costs for bringing the motion. (Id. ¶ 8.)

On August 15, 2014, Wynona Shannon ("Shannon"), a distributor for Equine Colic Relief, entered Goliad Feed Company in Goliad, Texas and allegedly told a store employee that Defendant's product SayWhoa! had caused the death of a horse and that Defendant was taking Plaintiff's product, putting it into different bottles, and reselling it as SayWhoa!. (Dkt. # 99-3 at 8, 11.) Shannon advised the employee to take Defendant's product off the shelves, and put the employee on the phone with Plaintiff, who allegedly made the same allegations and likewise advised her to stop selling Defendant's product. (Id. at 15–17.) Plaintiff followed up by faxing Goliad Feed Company part of the Injunction. (Id. at 17.) The store subsequently stopped selling SayWhoa! for approximately a week. (Id. at 21, 28.)

Also in August 2014, Danny Bostick ("Bostick"), the owner of B & S Farm and Ranch, a store selling feed and horse products, called Plaintiff after receiving a letter from Equine Colic Relief. (Dkt. # 99-6 ¶¶ 5–8.) During their

3

conversation, Plaintiff allegedly stated that Stops Colic was taking her product, diluting it with water, and relabeling it as SayWhoa!  (Id. ¶ 7.)  Following the conversation, Bostick removed SayWhoa! from his shelves and threw away the display.  (Id. ¶ 8.)

Defendant also spoke with the owners of three other retail stores in the latter half of 2014.  Each stated that they had spoken with Plaintiff, who had allegedly told them Defendant had stolen Plaintiff's formula and was pouring Plaintiff's product into different bottles and selling it as SayWhoa!.  (Dkt. # 99-4 ¶¶ 20–28.)  Circle P Ranch Supply, Inc., one of the three retailers, told Defendant that it would no longer sell SayWhoa! because of Plaintiff's comments.  (Id. ¶ 25.)

Defendant filed the instant Motion for Order to Show Cause on February 18, 2015, seeking to hold Plaintiff in contempt for violating the provision of the Court's Injunction prohibiting the parties from disparaging another party or its products in any manner.  (Dkt. # 99.)  Plaintiff has not responded to the Motion.

## DISCUSSION

"[T]he power to punish for contempt is an inherent power of the federal courts," and "includes the power to punish violations of their own orders."  In re Bradley, 588 F.3d 254, 265 (5th Cir. 2009) (quoting United States v. Fidanian, 465 F.2d 755, 757 (5th Cir. 1972)).  "This power has been uniformly

held to be necessary to the protection of the court from insults and oppression while in the ordinary exercise of its duty, and to enable it to enforce its judgments and orders necessary to the due administration of law . . . ." Id. (quoting Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450 (1911)).

"Civil contempt can serve two purposes": either coercing compliance with a court order or "compensat[ing] a party who has suffered unnecessary injuries or costs because of contemptuous conduct." Travelhost, Inc. v. Blandford, 68 F.3d 958, 961–62 (5th Cir. 1996) (citing Petroleos Mexicanos v. Crawford Enters., 826 F.2d 392, 400 (5th Cir. 1987)). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." Id. at 961. To hold a party in civil contempt, it must be found by clear and convincing evidence that "(1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." United States v. City of Jackson, 359 F.3d 727, 731 (5th Cir. 2004).

Here, Defendant has submitted evidence indicating that Plaintiff has repeatedly violated the Injunction entered by the Court. Plaintiff's alleged statements to five different retailers contending that Defendant had stolen

5

Plaintiff's formula and was selling Plaintiff's product as her own qualifies as "disparaging, demeaning, or denigrating" statements about parties or their products prohibited by the Injunction.  Her alleged statement to an employee of Goliad Feed Company that Defendant's product had caused the death of a horse likewise violates the Injunction's requirements.  In three instances, Plaintiff's alleged statements resulted in a retailer ceasing sales of Defendant's product.  Plaintiff has not rebutted the evidence submitted by Defendant or submitted any argument defending her alleged statements.

In light of the evidence submitted, the Court **ORDERS** that Plaintiff Tara Flynn personally appear at the hearing on April 29, 2015 to show cause why she should not be held in civil contempt.  If Plaintiff fails to appear at the hearing or otherwise fails to show cause why she should not be held in civil contempt, the Court will order that Plaintiff be found in civil contempt.

## CONCLUSION

For the foregoing reasons, Plaintiff is hereby **ORDERED** to appear before this Court on April 29, 2015, to show cause why she should not be found in civil contempt for violating the Agreed Permanent Injunction entered on July 7, 2014.

Because Plaintiff is currently pro se, **IT IS FURTHER ORDERED**

that the Clerk of the Court shall send a copy of this Order to Plaintiff by certified mail.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, April 1, 2015.

_____
David Alan Ezra
Senior United States Distict Judge